(752 P.2d 1084)

No. 60,693

STATE OF KANSAS, *Appellee,* v. CURTIS WASHINGTON, *Appellant.*

Petition for review denied June 22, 1988.

Opinion filed April 14, 1988.

*Robert Tabor,* special appellate defender, and *Benjamin C. Wood,* chief appellate defender, for the appellant.

*Debra Barnett,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before SIX, P.J., BRISCOE and BRAZIL, JJ.

SIX, J.: Defendant-appellant Curtis Washington appeals his conviction of two counts of forgery, K.S.A. 21-3710(1)(a) and (b).

Washington contends that the State failed to prosecute him within the legal time limits required by K.S.A. 21-3106. We agree and reverse the trial court.

The issue before this court is whether the delay of thirty and one-half months (March 5, 1984, to September 21, 1986) in executing the warrant was unreasonable. We hold that it was. Consequently, Washington's prosecution was not commenced within two years after the crime was committed.

Washington fraudulently endorsed and cashed a $338 welfare check using the name "Frederic" Dempsey on November 7, 1983. The check was originally issued to Washington's stepsister, Frederica Dempsey. Dempsey did not give Washington permission to cash the check. Washington was tried at a bench trial on an agreed statement of facts.

The following facts, although not in the agreed statement, are not in dispute. A complaint was filed and a warrant issued on March 5, 1984. Sedgwick County Warrant Officer Lonnie Smith repeatedly tried to serve the warrant, although he could not remember the exact dates of his attempts. Smith testified he made his first search for Washington on the basis of a warrant information card. The card contained the charges filed, Washington's name, and the address of 1725 North Kansas where Washington could be served. Smith guessed that he tried to serve the warrant in April and May of 1984. Smith stated that he spoke with Washington's brother and sister-in-law the first time he visited the apartment. They informed Smith that the defendant no longer lived there and permitted Smith to search the apartment. The second and third attempts at the same address also included apartment searches. The use of a computer to trace Washington's name was also unsuccessful. Smith then tried a fourth time at 1725 North Kansas and was told that the defendant's relatives had moved out. On September 21, 1986, Smith served the warrant on Washington in the county jail. Officer Smith was able to book Washington on the present case because another warrant officer had located Washington at a different address listed on a warrant information sheet prepared for a new criminal matter. At that time, Washington's address was listed as 1917 North Piatt.

Smith did not verify the correctness of the address listed on the initial information card. There was no independent investigation other than the computer search.

Washington moved to dismiss because of the State's failure to commence prosecution within two years after the crime was committed. K.S.A. 21-3106. The motion was denied. The trial court convicted Washington on both counts.

K.S.A. 21-3106 provided, at the time the forgery was committed:

"(2) Except as otherwise provided in this section, a prosecution for all other crimes must be commenced within two (2) years after it is committed.
. . . .
"(4) . . . Time starts to run on the day after the offense is committed.
"(5) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other

officer for execution: *Provided, That no such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."* (Emphasis added.)

We note that this statute has been redesignated and reworded since Washington committed the forgery; however, these changes have not effected a material change in the meaning of the statute. K.S.A. 1987 Supp. 21-3106(6).

A prosecution for forgery, K.S.A. 21-3710(1)(a) and (b), not commenced within two years after the offense is committed, is barred by the statute of limitations. K.S.A. 21-3106(2). Washington argues that the warrant was executed after an unreasonable delay, and therefore the prosecution is barred by the statute of limitations. K.S.A. 21-3106(2) and (5).

No claim is made by the State that any delay in executing the warrant is excused by either Washington's absence from the state or his concealment within the state. K.S.A. 21-3106(3).

No recent Kansas cases have addressed the "unreasonable delay" issue. *In re Clyne, Petitioner,* 52 Kan. 441, 35 Pac. 23 (1893), held that where the sheriff, at the direction of the county attorney, held a warrant for five months beyond the statutory period of limitation without serving the same on the defendant, the delay was unreasonable. The defendant in *Clyne* was present in the county the entire time after the warrant was issued. He was frequently seen by the sheriff, and could have been arrested any day. The court concluded that the time of the unnecessary delay in serving the warrant should be computed as part of the period of limitation.

The court in *Clyne* stated, "[T]he officer must proceed to execute [the warrant] according to its command; that he must make the arrest within a reasonable time and at the first reasonable opportunity offered him." 52 Kan. at 448.

*Clyne* was cited in *State v. Bowman,* 106 Kan. 430, 434, 188 Pac. 242 (1920). The court in *Bowman* noted:

"A criminal prosecution is commenced when a warrant on which the defendant is arrested is duly issued in good faith and delivered to the sheriff for service. This is true, although there may be subsequent unnecessary delay in executing the writ, but the time such delay continues is included in computing the period of limitation." 106 Kan. 430, Syl. ¶ 5.

K.S.A. 21-3106 was enacted in 1969. L. 1969, ch. 180, § 21-

3106. The Judicial Council 1968 Comments on the Kansas Criminal Code state that K.S.A. 21-3106(5) is a restatement of Kansas law. "While the statute does not expressly so provide, the Supreme Court has held that a period of unreasonable delay in serving the warrant must be computed in determining if the prosecution is barred."

The trial judge, in considering Washington's motion to dismiss, (1) noted that the resolution of the issue turned on whether the delay in obtaining service of the warrant was reasonable, and (2) specifically found "from the totality of the circumstances that this warrant has been executed without unreasonable delay . . . ."

We hold that if the delay in executing a warrant is unreasonable, such delay shall be included in computing the period within which a prosecution must be commenced.

No dispute as to any material fact is contained in either the parties' briefs or in the record.

The record indicates that Officer Smith made four attempts to serve the warrant within two months following its issue. He also searched the apartment. He knocked on doors near the apartment but no one answered. He submitted Washington's name to a computer search but did not receive any new information. When Washington was arrested on another charge, Officer Smith immediately served the warrant.

The record also shows that no attempt was made to serve the warrant for twenty-eight months (from May of 1984 to September of 1986). Under the facts of this case, a time period of twenty-eight months in which no attempt is made to execute the warrant cannot be termed a "reasonable" delay. Therefore, the prosecution was not commenced within two years after the offense was committed and is barred by the statute of limitations. K.S.A. 21-3106(2).

The judgment of the trial court is reversed. Washington's convictions for forgery are set aside.